DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 277-6500
Facsimile: (212) 277-6501
Jared Zola

DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-3409
Facsimile: (202) 420-2201
James R. Murray

CROWLEY LAW OFFICES, P.S.
1411 Fourth Avenue Suite 1520
Seattle, WA 98101
Telephone: (206) 224-7069
Facsimile: (206) 624-8785
William J. Crowley (*pro hac vice* admission pending)

*Counsel for Corporation of the Catholic Archbishop of Seattle*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE CHRISTIAN BROTHERS' INSTITUTE, et al., | : | Case No. 11-22820 (RDD) |
| | : | |
| Debtors. | : | |

-----------------------------------------------------------------------------------x

| | | |
|---|---|---|
| CORPORATION OF THE CATHOLIC ARCHBISHOP OF SEATTLE, a corporation sole, | : : | Adversary Proceeding No. _____ |
| Plaintiff, | : : : | |
| v. | : : | |
| CONGREGATION OF CHRISTIAN BROTHERS OF IRELAND; CHRISTIAN BROTHERS INSTITUTE, a New York corporation; MARYLAND CASUALTY COMPANY, a subsidiary of ZURICH INSURANCE GROUP; and PACIFIC INDEMNITY COMPANY, a subsidiary of CHUBB & SON, INC. GROUP, | : : : : : | |
| Defendants. | : | |

-----------------------------------------------------------------------------------x

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Corporation of the Catholic Archbishop of Seattle ("CCAS"), seeks a declaratory judgment and alleges for its complaint as follows:

## INTRODUCTION

1. This is an action for declaratory judgment, seeking a declaration of the rights, duties, and liabilities of the parties under certain insurance policies that defendants Maryland Casualty Company ("Maryland") and Pacific Indemnity Company ("Pacific Indemnity") sold. Further, this is an action seeking declaratory relief to determine the extent to which the rights of the above-named Debtors, Congregation of Christian Brothers of Ireland ("CBOI") and Christian Brothers Institute ("CBI") in said insurance policies to the extent that interest may be property of the estate under 11 U.S.C. § 541.

## PARTIES

2. CCAS is organized as a corporation sole under Revised Code of Washington ("RCW") 24.12.

3. Maryland is a member of Zurich Insurance Group and has its principal place of business in Illinois. Maryland is, on information and belief, a Maryland corporation. On information and belief, Maryland is licensed, and does business in, the state of New York.

4. Pacific Indemnity is a member insurer of the Chubb Group of Insurance Companies and has its principal place of business in New Jersey. Pacific is, on information and belief, a Wisconsin corporation. On information and belief, Pacific is licensed, and does business in, the State of New York.

5. CBOI is an Illinois non-profit corporation. CBI is a New York non-profit corporation. On information and belief, the Congregation of Christian Brothers – North American Province a/k/a Western Province ("CCB - NAP") operated O'Dea High School in Seattle, King

County, Washington, and Briscoe Memorial School, supervising the Christian Brothers serving and working at both O'Dea High School and Briscoe Memorial School.

## JURISDICTION AND VENUE

6. On or about April 28, 2011, CBOI and CBI filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

7. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, CBOI and CBI continue to operate and manage their property as debtors-in-possession.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1334(b).

9. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157 insofar as it seeks to determine the extent and nature of the interests of the bankruptcy estate in certain policies and rights under said policies of insurance, under 11 U.S.C. § 541.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and 1391(b) because defendants CBOI and CBI may be found in this jurisdiction district and are Debtors-in-Possession in this Court.

## THE POLICIES

11. **Applicable Policy - Maryland**. Maryland provided comprehensive general liability coverage to CCAS from April 1, 1973 to April 1, 1976 under Policy Number CB28110713 (the "Maryland Policy"). The Maryland Policy was issued to CCAS. Endorsement 1 states "that the 'named insured' under all parts of the policy shall read as follows: 1. Corporation of the Catholic Archbishop of Seattle; . . . 5. Congregation of Christian Brothers, but only with respect to the Operation of O'Dea High School."

12. **Policy Limits**. The Maryland Policy provided comprehensive general liability coverage with limits of liability of $300,000 each occurrence.

3

13.   **Applicable Policy – Pacific Indemnity**. Pacific Indemnity provided comprehensive liability coverage from October 11, 1966 to October 11, 1969 under Policy Number LAC73510 ("the Pacific Indemnity Policy"). The Pacific Indemnity Policy was issued to CCAS. A certificate of insurance from Pacific Indemnity states that the "Name of Insured" is "Corporation of the Catholic Archbishop of Seattle, Briscoe Memorial School and Congregation of Christian Brothers."

14.   **Policy Limits**. The Pacific Indemnity Policy provided comprehensive liability coverage with limits of liability of $500,0000,000 each occurrence.

## TORT CLAIMS

15.   Various tort claimants have made claims and/or filed suit against CCAS and the Congregation of Christian Brothers ("CCB"), with their complaints alleging, among other things, that they were sexually abused by Edward Courtney ("Courtney") while they were students at O'Dea High School. The tort claimants also have brought claims directly against Courtney, who is a former member of the CCB, and against various entities of the CCB including defendants CBOI and CBI. Other tort claimants have brought claims against CCAS and CCB, with their complaints alleging, among other things, that they were sexually abused while they were students at Briscoe Memorial School by certain Christian Brothers. Various entities of the CCB, including defendants CBOI and CBI, were named as defendants.

16.   CCAS anticipates that there may be additional claims against CCAS, CCB, certain former members of the CCB, and certain other entities in which various persons allege that they were victims of sexual abuse.

17.   Collectively, these claims and similar claims will be referred to as "Tort Claims."

4

## CLAIM FOR RELIEF

### (For a Declaratory Judgment)

18.     CCAS repeats and realleges each and every allegation contained in paragraphs 1 through 21 above with the same force and effect as though fully set forth herein.

19.     An actual and justiciable controversy exists among the parties with respect to the application of the Policies to Tort Claims.

20.     The parties are entitled to a declaration of their respective rights, duties and obligations under the Policies, including, but not limited to: (a) the extent to which the interests of CBOI and CBI in said policies or their rights thereunder are property of the estate under 11 U.S.C. § 541; and (b) the extent to which CCAS has interests in the Polices for at least half of per "occurrence" limits of liability coverage consistent with prior courses of dealing with regard to these Policies, This includes pending settlements, some of which have concluded or will conclude, for claims that were in existence as of the petition date, utilizing, in part, policy proceeds, by agreement of the Christian Brothers, CCAS and the insurers. This also includes any other Policies that may be implicated by claims arising in the CBOI and CBI bankruptcy proceedings.

21.     Specifically, CCAS is entitled to a declaration as to whether any entity that is part of this bankruptcy proceeding is entitled to any rights under Policies for Tort Claims.

**WHEREFORE**, CCAS prays for judgment as follows:

1. For an order for declaratory relief as prayed for above;

2. For costs of suit incurred herein to the extent permitted by law; and

3. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 16, 2011

Respectfully submitted,

DICKSTEIN SHAPIRO LLP

By: /s/ Jared Zola
Jared Zola (JZ2120)
DICKSTEIN SHAPIRO LLP
1633 Broadway
New York, NY 10019-6708
Telephone: (212) 277-6500
Facsimile: (212) 277-6501

James R. Murray (JM4695)
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
Telephone: (202) 420-3409
Facsimile: (202) 420-2201

William J. Crowley (*pro hac vice* admission pending)
CROWLEY LAW OFFICES, P.S.
1411 Fourth Avenue Suite 1520
Seattle, WA 98101
Telephone: (206) 224-7069
Facsimile (206) 624-8785

*Counsel for Corporation of the Catholic Archbishop of Seattle*